328 A.2d 727.

STATE *vs.* ROBERT L. CLARK.

DECEMBER 6, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is an indictment charging the defendant, Robert L. Clark, with robbery. After a trial to a jury in the Superior Court, a verdict of guilty was returned on January 23, 1973. On January 25, 1973, the defendant filed a motion for a new trial on the usual grounds, which was heard on February 6, 1973, and denied. Thereafter, on March 2, 1973, a judgment of conviction was entered, and a sentence of five years was imposed. On March 22, 1973, the defendant filed a notice of appeal from that judgment and is now prosecuting that appeal in this court.

It appears from the record that on June 7, 1972, the operator of a commercial vehicle was held up and robbed by three men on John Street in the city of Providence. The record also shows that one Kevin P. MacManus testified that he had seen three men leaving the area in which the crime had been committed and that he had observed them entering an automobile. He subsequently furnished a description of the auto along with its registration number to the Providence police. A short time later the police arrested defendant here and two other men when they were found in the automobile described by MacManus. Sometime later in the day a six-man lineup was held at the police station, and MacManus identified defendant and others as being the three men he had seen leaving the area of the crime.

At trial MacManus, testifying for the prosecution, made an in-court identification of this defendant, who thereafter moved that such testimony be stricken. The motion was denied, and defendant now contends that the denial thereof denied him due process under the fourteenth amendment in that the lineup at which he was identified was so unnecessarily suggestive as to be conducive to irreparable mistaken identification. Relying on *Stovall* v. *Denno*, 388 U. S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199

(1967), defendant argues that the suggestive character of the lineup caused an unreliable identification which, absent proof of an independent source of identification presented by the state, would render an in-court identification inadmissible as violative of his constitutional right to a fair trial.

The defendant makes no assertion that the impermissibly suggestive nature of the lineup resulted from intentional conduct on the part of the police designed to induce the witness to identify this defendant. At no time does it appear that the witness was allowed to see defendant or the other suspects in police custody. Neither was he shown any photographs which were identified by the police as being pictures of any of the suspects. What he is contending is that the witness overheard the radio message which announced that the car that he had identified had been located and that as a result of hearing that message the witness was induced to identify three participants in the lineup as those he had seen on John Street earlier in the day.

For a lineup to be impermissibly suggestive, it is not necessary that such a result have been intended. In *United States* v. *Wade*, 388 U. S. 218, 228, 87 S.Ct. 1926, 1933, 18 L.Ed.2d 1149, 1158 (1967), the Court pointed out that "* * * identification evidence is peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial." The Court then went on to note that a major factor contributing to the instances of miscarriage of justice resulting from mistaken identification has been the degree of suggestion inherent in the manner in which the prosecution presents the suspect to witnesses for pretrial identification. In so doing, the Court clearly held that impermissible suggestiveness need not necessarily be the result of intentional conduct on the part of the police but may

be created in many subtle ways by unintentional conduct or procedures. We turn to the question of whether the purely coincidental overhearing of the radio message can reasonably be held to have convinced the witness that all three suspects had been taken into custody and thus put him under a psychological compulsion to identify three participants in the lineup when he viewed it later on.

In our opinion, the evidence here was not susceptible of a reasonable inference by the witness that all three suspects would participate in the lineup. Consequently, the witness could not reasonably have felt compelled to identify three of the participants in the lineup. Nothing in the evidence tends to establish that the radio message made any reference to the apprehension of suspects. Neither does the evidence disclose that the witness had any knowledge that all three had been apprehended, nor was he advised by the police that he was to view the lineup and to identify some specific number of the participants therein as suspects.

The defendant stresses the fact that one of the three identifications made by the witness was erroneous. It might well be that if there were evidence tending to establish that the witness had some knowledge that all three suspects would participate in the lineup, the erroneous identification would be significant. However, there is no evidence that the witness had such knowledge. We cannot agree, therefore, that the fact that the witness made an erroneous identification has the effect of making the evidence susceptible of a reasonable inference that he was motivated to make three identifications because he was convinced that he must identify all three of the men he had seen on John Street after the robbery.

In short, in light of all the circumstances of this case, we cannot agree that the radio message overheard by the

witness could reasonably have induced a belief that all three men had been apprehended and that all would, therefore, participate in the lineup. We conclude, then, that the confrontation was not tainted by unnecessary suggestiveness so as to be conducive to irreparable mistaken identification of defendant who, it appears from the record, was one of the two suspects accurately identified by the witness during the confrontation. We hold, then, that the denial of the motion to strike the testimony of the witness relating to the identification of this defendant was not error.

The defendant contends also that the trial justice erred in denying his motion for a new trial. We see no merit in this contention, it clearly appearing from the decision of the trial justice that he passed upon the weight of the evidence and the credibility of the witnesses in an exercise of his independent judgment. He expressly stated that he found the witness MacManus entirely credible. He noted particularly that MacManus had an ample opportunity to observe the three suspects as they left the area in which the crime had been committed and entered the car in which they were subsequently taken into custody. Further, he expressly rejected the testimony of the defendant here on the ground that it lacked credibility. In the circumstances, it was the burden of the defendant to show that the trial justice was clearly wrong in that he either overlooked or misconceived material evidence on a controlling issue. The defendant did not meet this burden of proof. It is our opinion that the trial justice fully performed his duty and that his denial of the motion for a new trial was not an abuse of his discretion.

The appeal of the defendant is denied and dismissed, the judgment of conviction appealed from is affirmed, and

the case is remanded to the Superior Court for further proceedings.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Walter R. Stone,* Special Counsel, for defendant.